**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TOMMY MOSLEY,
ADC #85548                                                                                           PLAINTIFF

v.                                        No. 5:13CV00302 JLH/JTR

MARVIN EVANS;
WILLIAM STRAUGHN; and
INTERNAL REVENUE SERVICE                                                          DEFENDANTS

**OPINION AND ORDER**

Tommy Mosley is a prisoner in the Tucker Unit of the Arkansas Department of Correction ("ADC"). He has recently filed a *pro se* § 1983 complaint and an application to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Prior to filing this lawsuit on September 16, 2013, Mosley filed at least four § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Mosley v. Endell*; 5:93CV00054 HW (dismissed on March 2, 1993, affirmed on appeal May 24, 1993); *Mosley v. Reed,* 5:96CV00119 SMR (dismissed on March 15, 1996, no appeal filed); *Mosley v. Ark. Sup. Ct.*, 4:96CV00056 GH (dismissed on March 29, 1996, no appeal filed); *Mosley v. United Nations,*

4:02CV00752 JMM (dismissed on January 7, 2003, no appeal filed).

Nevertheless, Mosley may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mosley alleges that defendants are violating his constitutional rights by stealing social security numbers, committing voter fraud, stealing his identity, violating tax laws, denying him access to credit reports, denying him access to a telephone, and refusing to pay him whistle blower rewards. None of those allegations place Mosley in imminent danger of serious physical injury.

Mosley also alleges that ADC employees put his life in danger by telling inmates that he intended to turn them over to the Internal Revenue Service for committing tax fraud. Mosley, however, does not clarify when this occurred or how he is *currently* in imminent danger of serious physical injury. Additionally, the Court has previously held that similar allegations by Mosley failed to satisfy the imminent danger exception. *See Mosley v. IRS,* 5:12CV00041 BSM (docket entries #10 & #13).

IT IS THEREFORE ORDERED THAT:

1.   Mosley's application to proceed *in forma pauperis* is DENIED, and this case is DISMISSED WITHOUT PREJUDICE.

2.   If Mosley wishes to continue this case, he must, **within thirty days of the entry of this Opinion and Order**: (a) pay the $400 filing fee in full, noting the above case style and

number; and (b) file a motion to reopen the case

      3.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

      IT IS SO ORDERED this 23rd day of September, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE